IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–02181–MDB

MYKHAEL KUCIAPINSKI,

    Plaintiff,

v.

DONNA F. ENNIS,
DANA M. GRANT,
LYNN J. MATESI,
JEFFEREY A. JOHNSON,
NICOLAS A. BUDENZ
JESSE NEWHART,
TERRELL HARRIS,
STEVE KERLEY,
DEBORAH MCCABE,
KEITH M. GIVEN,
ANTHONY (LAST NAME UNKNOWN), Resident Agency DCIS Supervisor,
UNKNOWN WASHINGTON DC AREA FEDERAL AGENTS 1-3,
UNKNOWN FEDERAL AGENTS 1-12
DERMOT O'REILLY,
KELLY MAYO,
JEREMY SIBERT, and
JASON DUNN

    Defendants.

## ORDER

This matter comes before the Court *sua sponte* on Plaintiff's attempts to effectuate service in this matter and on her Motion for a Variance in Federal Rules of Civil Procedure Rule 4. (["Motion"], Doc. No. 25.)

**SUMMARY FOR PRO SE PLAINTIFF**

The Court construes your Motion as a request for substitute service. Because the alternate form of service you propose is not consistent with due process, the Court must deny your Motion. Additionally, you are now long-past the deadline to serve Defendants and failure to serve ordinarily results in dismissal of your claims. However, the Court understands it is difficult to navigate service issues when you are *pro se.* Therefore, the Court will give you one final opportunity to serve the Defendants in a manner that fully complies with the Rules. Failure to satisfy the requirements of all applicable service rules may result in dismissal of your claims. This is only a high- level summary—the full decision is set forth, below.

## BACKGROUND

Plaintiff initiated this action on August 5, 2024. (Doc. No. 1.) In her Complaint, Plaintiff asserts six claims for relief in connection with various aspects of a now-terminated federal criminal prosecution against her.[1] (Doc. No. 1.)

On November 25, 2024, the Court directed Plaintiff to show cause, on or before December 20, 2024, why Defendants should not be dismissed from this case in connection with Plaintiff's failure to effect timely service pursuant to Federal Rule of Civil Procedure 4(m). (Doc. No. 15.) Plaintiff filed a Response to the OSC on December 9, 2024. (Doc. No. 16.) In her Response, Plaintiff attached photos of certified mail receipts for Defendants Ennis, Grant, Matesi, Budenz, Newhard, Harris, Kerley, McCabe, Given, Mayo, Sibert, and Dunn. (Doc. Nos. 16-5; 16-6; 16-7; 16-8; 16-9; 16-10; 16-11; 16-12; 16-13, 16-14; 16-15; 16-16.) She also

---

[1] Though not entirely clear, all Defendants appear to be current or former officials of the United States. (*See generally* Doc. No. 1.) These individuals are sued in their individual and official capacities. (*See* Doc. No. 20.)

2

attached certified mail receipts for United States Attorney General Merrick Garland, Colorado Attorney General Phil Weiser, and Acting United States Attorney for the District of Colorado Matt Kirsch. (Doc. Nos. 16-2; 16-3; 16-4.)

This was insufficient proof of service. *See* Fed. R. Civ. P. 4(i)(3) ("To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf [whether or not the officer or employee is also sued in an official capacity], a party must serve the United States and also serve the officer or employee under Rule 4(e)."). However, given Plaintiff's *pro se* status and efforts, the Court discharged the OSC and gave Plaintiff another opportunity to effect service. Specifically, the Court extended Plaintiff's time to serve Defendants in their individual capacities, through and until April 15, 2025. (Doc. No. 21 at 5.) Additionally, the Court noted that Fed. R. Civ. P. 4(i)(3) requires *personal service* (*Id.* at 3–4); *see also* Fed. R. Civ. P. 4(e) (governing the rules for personal service of a defendant).

On April 14, 2025, Plaintiff filed the instant Motion, asking the Court to "deem[ ] all Defendants already served in their official capacity, as also being served in their individual capacity." (*Id.* at 1.) Plaintiff says this is necessary because Defendants are avoiding this action, she has incurred significant cost to achieve service, and Defendants "home addresses are entirely obscured and unknowable." (*Id.* at 1–2.) The Court construes Plaintiff's Motion as a request to authorize substitute service[2]

**ANALYSIS**

---

[2] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In her Motion, Plaintiff essentially asks the Court for leave to employ a form of substituted service upon Defendants. That is, Plaintiff asks the Court to rule that her certified mailings to Defendants at their places of employment—rather than personal service—are sufficient to constitute effective service on Defendants in their individual capacities.

"For a substituted method of service to be valid, it must comport with due process by being calculated 'to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Zayo Grp., LLC v. Veteran Commc'ns Grp., Inc.*, 2021 WL 5719855, at *1 (D. Colo. Feb. 18, 2021) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 399 U.S. 306, 314 (1950)).

> A due process guarantee is built in to the concept of substituted service in Colorado. Before authorizing substituted service, a Colorado court must consider whether delivery of process to the substituted person "is appropriate under the circumstances and reasonably calculated to give actual notice to the [defendant]." Only after determining that due process is satisfied and substituted service appropriate, does a court order that a copy of process be mailed to the defendant.

*Willhite v. Rodriguez-Cera*, 274 P.3d 1233, 1240-41 (Colo. 2012) (quoting Colo. R. Civ. P. 4(f)).

Here, Plaintiff's proposed method of service (certified mail) does not comport with due process. Although the Motion suggests that at least a few Defendants might be aware of this case,[3] Plaintiff's statements in the Motion are insufficient. And even if they were sufficient, she submits them as to some Defendants, but not others. Additionally, the rules do not provide for substitute service in the manner in which Plaintiff seeks. For example, Colorado Rule of Civil Procedure 4(f) allows for substitute service by personal delivery to a substituted person *and*

---

[3] For example, by returning Plaintiff's mailing. (*See* Doc. No. 25 at 2.)

mailing to defendant, but does not contemplate substitute service by certified mail, only. Thus, the Court cannot say that Plaintiff's mailings are "reasonably calculated" to give Defendants notice of the individual capacity claims against them. Moreover, there is no indication that Plaintiff attempted other forms of service in the interim—nor did Plaintiff seek the leave for substitute service before mailing, as would be most appropriate. *See* Colorado Rule of Civil Procedure 4(f) (saying a plaintiff should "file a motion ... for an order for substituted service" before attempting substituted service) She knew certified mail was insufficient given the Court's prior order, and she nevertheless seeks to rely on it now. There is no basis for permitting the substitute service Plaintiff appears to seek here.

However, given Plaintiff's *pro se* status, efforts to date, and apparent confusion over proper service, there appears to be good cause to extend Plaintiff's time to serve, one final time.[4] Plaintiff shall have until June 2, 2025, to effect service on Defendants in their individual capacities, precisely as the rules describe. *See* Fed. R. Civ. P. 4(i)(3) (describing the rules for serving United States officers or employes sued in their individual capacity). If she cannot effect service on them by then, the Court may recommend dismissal without further notice.

Additionally, further review of Plaintiff's mailings suggests she has yet to perfect service as to her official capacity claims. Specifically, while Fed. R. Civ. P. 4(i)(1)(ii) provides that service upon the United States requires a certified mailing the "civil-process clerk at the United States attorney's office," Plaintiff's mailing to the U.S. Attorney's Office for the District of Colorado was addressed to Acting United States Attorney Matt Kirsch. (Doc. No. 16-3.) Thus,

---

[4] The docket indicates Plaintiff obtained two subpoenas since the Court's last order, ostensibly in furtherance of her attempt to locate Defendants. (Doc. Nos. 23; 24.)

Plaintiff must also perfect service of her official capacity claims by June 2, 2025, or risk dismissal.

## CONCLUSION

Based on the preceding, it is hereby

**ORDERED** that Plaintiff's Motion for a Variance in Federal Rules of Civil Procedure Rule 4 (Doc. No. 25) is **DENIED**. It is further

**ORDERED** that on or before **June 2, 2025**, Plaintiff shall effect service of all individual capacity and official capacity claims. Failure to do so may result in a recommendation of dismissal without further notice.

The Clerk of Court is further **ORDERED** to mail a copy of this Order to Plaintiff:

Mykhael Kuciapinski
5136 Community Center Drive
#69
USAF Academy, CO 80840

Dated this 21st day of April 25.

                                                  **BY THE COURT:**

                                                  Maritza Dominguez Braswell
                                                  United States Magistrate Judge