IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–02181–PAB–MDB

MYKHAEL KUCIAPINSKI,

    Plaintiff,

v.

DONNA F. ENNIS,
DANA M. GRANT,
LYNN J. MATESI,
JEFFEREY A. JOHNSON,
NICOLAS A. BUDENZ
JESSE NEWHART,
TERRELL HARRIS,
STEVE KERLEY,
DEBORAH MCCABE,
KEITH M. GIVEN,
ANTHONY (LAST NAME UNKNOWN), Resident Agency DCIS Supervisor,
UNKNOWN WASHINGTON DC AREA FEDERAL AGENTS 1-3,
UNKNOWN FEDERAL AGENTS 1-12
DERMOT O'REILLY,
KELLY MAYO,
JEREMY SIBERT, and
JASON DUNN

    Defendants.

**MINUTE ORDER**

The Court construes Plaintiff's Motion for Clarity and Request for Written Order as a request for reconsideration of the Court's Minute Orders at ECF 79[1] and 82.[2] (["Motion for Reconsideration"], Doc. No. 83.) After careful review of the arguments, issues, relevant documents, and applicable law, the Motion for Reconsideration is **DENIED**.

## SUMMARY FOR *PRO SE* PLAINTIFF

The Court construes your request as a Motion for Reconsideration of the Court's prior orders. Under the high standard applicable to Motions for Reconsideration, the Motion is denied. First, the Westfall certification arguments are based on a misunderstanding of that law. The Westfall Act applies in the context of the United States substituting itself as a party, not in the context of the United States providing counsel to the parties. Second, the Court does not see a basis for reconsidering its decision on the Immunities Motion, which is in essence, a supplemental brief on the pending Motion to Dismiss. And to the extent the Immunities Motion seeks relief, you will have an opportunity to seek that relief if the claims survive the motion to dismiss phase.

## LEGAL STANDARD

The bases for granting reconsideration are extremely limited and include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Gabriel v. Colorado Mountain Med., P.C.*, 2014 WL 7336789, at *1 (D. Colo. Dec. 23, 2014), *aff'd*, 628 F. App'x 598 (10th Cir. 2015); *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Thus, a motion for reconsideration may be appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id*. "Because the conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare." *Smith v. BNSF Ry. Co.*, 2019 WL 5104461, at *1 (D. Colo. Oct. 11,

---

[1]The Court's Order at ECF 79 denied Plaintiff's Motion Contesting Immunities and Prayer for Relief (["Immunities Motion"], Doc. No. 77.)

[2] The Court's Order at ECF 82 denied Plaintiff's Motion Contesting DOJ Representation of DOD Defendants (["Representation Motion"], Doc. No. 80.)

2019) (citing *Skyline Potato Co. v. Rogers Bros. Farms*, 2011 WL 5992788, at *1 (D. Colo. Nov. 30, 2011), *as amended* (Dec. 1, 2011).

## ANALYSIS

Plaintiff argues that the Court erred by not requiring the Assistant United States Attorney to file Westfall Act scope-of-employment certifications ("Westfall certification") before he entered an appearance on Defendants' behalf. (Doc. No. 83 at 3–6.) This argument rests on a fundamental misunderstanding of Westfall certifications. A Westfall certification is required when the United States seeks to be "*substituted*" in place of the federal officer or employee as a *defendant* in a tort action. 28 U.S.C. § 2679(d)(1) (emphasis added). Here, the United States has not purported to substitute itself for any Defendant; the U.S. Attorney's office is merely representing the federal defendants. Thus, a Westfall certification is not required.[3] [4]*See Park v. Parker*, 2025 WL 2495583, at n.5 (S.D.N.Y. Aug. 29, 2025) ("The Westfall Act permits the Attorney General to certify that claims made against an official in their individual capacity relate to conduct 'within the scope of his [or her] office or employment' and to substitute the United States as defendant in the action. *The Westfall Act does not require certification or substitution in every case in which federal officials secure government representation.*" (emphasis added) (internal citation omitted)).

---

[3] Every case Plaintiff cites addresses Westfall certification in the context of the United States substituting itself as a defendant, or involves FTCA claims brought directly against the United States. None involves a challenge to the government's decision to provide counsel to federal defendants. *See De Martinez v. Lamagno*, 515 U.S. 417 (1995); *Osborn v. Haley*, 549 U.S. 225 (2007); *Hockenberry v. United States*, 42 F.4th 1164 (10th Cir. 2022); *Fowler v. United States*, 647 F.3d 1232, 1234 (10th Cir. 2011); *Johnson v. United States*, 534 F.3d 958, 960 (8th Cir. 2008); *Singleton v. United States*, 277 F.3d 864 (6th Cir. 2002); *Arbour v. Jenkins*, 903 F.2d 416 (6th Cir. 1990); *see also Brownback v. King*, 592 U.S. 209 (2021); *United States v. Gaubert*, 499 U.S. 315 (1991).

[4] Additionally, Plaintiff's reliance on 28 C.F.R. § 50.15 appears misplaced. Plaintiff seems to contend that the regulation requires the government to file scope-of-employment certifications for representation on the docket, but "28 C.F.R. § 50.15 does not require counsel to file proof of an approved representation. The regulation merely governs the procedures for federal officials to obtain representation with respect to individual-capacity claims." *Park v. Parker*, 2025 WL 2495583, at *1 (S.D.N.Y. Aug. 29, 2025) (citing 28 C.F.R. § 50.15(a)).

Plaintiff next challenges the Court's denial of her Immunities Motion, which the Court characterized as a supplemental response to the pending Motion to Dismiss filed without conferral. (Doc. No. 83 at 6–7; *see* Doc. No. 79.) The Court sees no basis for reconsideration. First, Plaintiff does not contest that she indeed failed to confer with Defendants' counsel prior to filing the Motion. (*See* Doc. Nos. 77; 83.) This alone warranted denial. *See* D.C.COLO.LCivR 7.1 ("Before filing a motion, ... an unrepresented party shall confer or make reasonable, good faith efforts to confer with any opposing counsel ... to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty."). Moreover, even if Plaintiff had conferred with Defendants prior to filing the Immunities Motion, the Court still would have denied it. The Immunities Motion is a 15-page, single spaced, prolix document, much of which reads like a narrative of Defendants' alleged misconduct during the underlying criminal investigation and prosecution. (*See* Doc. No. 77 at 1–10.) Further, the Immunities Motion specifically seeks an order "[d]eny[ing] Defendants' Motion to Dismiss in its entirety," and purports to provide "three (3) independent frameworks overcoming [the] immunity defenses," which is directly in line with the Court's determination that the Immunities Motion was essentially a supplemental brief in opposition to the motion to dismiss.[5] (*Id.* at 4.) Finally, to the extent the Immunities Motion does make certain specific requests for relief—such as the return of certain property and the destruction of Plaintiff's DNA sample (Doc. No. 77 at 4)—the requests are far too underdeveloped at this time. They are also misplaced. To the extent Plaintiff seeks equitable relief, there will be other tools available to Plaintiff—such as a motion to amend the complaint—but only if and when this case survives the motion to dismiss stage.

Finally, Plaintiff contends the Court violated Federal Rule of Civil Procedure 72(a) by denying her motions via Minute Order, because Rule 72(a) requires a magistrate judge to "issue a written order stating the decision." (Doc. No. 83 at 3 (citing Rule 72(a)).) But text entry on the docket is a "written order." Moreover, the purpose of Rule 72(a) is to allow a district court judge

---

[5] Indeed, though Plaintiff did not seek leave of Court to file this supplement, the Court did not strike it and in fact expressly noted that it would consider Plaintiff's arguments in connection with the pending Motion to Dismiss. (Doc. No. 79.)

4

to review a party's objection to a magistrate judge's non-dispositive ruling. *See* Fed. R. Civ. P. 72(a) (advisory committee notes) (saying "[t]he rule calls for a written order of the magistrate's disposition to preserve the record and facilitate review"). The Court's Minute Orders gave Plaintiff notice of its decision, explained its reasoning, and provided Plaintiff the opportunity to object.[6] To the extent Plaintiff simply seeks more explanation, she now has it.[7]

The Clerk of Court is directed to mail a copy of this Minute Order to Plaintiff:

Mykhael Kuciapinski
5136 Community Center Drive
#69
USAF Academy, CO 80840

Dated this 6th day of March, 2026.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

---

[6] Moreover, even assuming a text entry on a docket does not constitute a "written order," Plaintiff ignores that Rule 72(a) says that a magistrate judge should issue a written order "*when appropriate.*" *See Hildebrand v. Steck Mfg. Co., Inc.*, 2005 WL 8160065, at *5 (D. Colo. Oct. 5, 2005) (citing Rule 72(a)); *see also* Fed. R. Civ. P. 72(a) (advisory committee notes) (saying "[a]n oral order read into the record by the magistrate will satisfy this requirement"). Here, the Court determined that an order longer and more detailed than a text entry was not appropriate.

[7] Plaintiff also appears to argue her motions were actually dispositive motions, and thus required recommendations rather than orders, because they were connected to the Motion to Dismiss and Westfall certification. (*See* Doc. No. 83 at 7–8.) This is incorrect. First, the Court made no substitution determination under the Westfall Act; it simply found the certification requirement inapplicable. Moreover, the Court's Minute Orders did not have any dispositive impact on any claim or defense in the action. They did not resolve the pending Motion to Dismiss, nor did they foreclose any argument available to Plaintiff. If anything, by permitting Plaintiff to file a second response to the Motion to Dismiss (*see* Doc. No. 79), the Court *expanded* her arguments rather than curtailed them.