IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-02181-PAB-MDB

MYKHAEL KUCIAPINSKI,

Plaintiff,

v.

DONNA F. ENNIS,
DANA M. GRANT,
LYNN J. MATESI,
JEFFEREY A. JOHNSON,
NICHOLAS A. BUDENZ,
JESSE NEWHART,
TERRELL HARRIS,
STEVE KERLEY,
DEBORAH MCCABE,
KEITH M. GIVEN,
ANTHONY (LAST NAME UNKNOWN), Resident Agency DCIS Supervisor,
UNKNOWN WASHINGTON DC AREA FEDERAL AGENTS 1-3,
UNKNOWN FEDERAL AGENTS 1-12,
DERMOT O'REILLY,
KELLY MAYO,
JEREMY SIBERT, and
JASON DUNN,

Defendants.

---

**ORDER**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 97]. The recommendation addresses the Motion to Dismiss [Docket No. 53] and Plaintiff's Motion for Return of Property Using Other Tools: Civil Equitable Action 41(g) and 5 U.S.C. § 702 [Docket No. 94]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 97 at 3-6, and the Court adopts them for purposes of ruling on the objection. To the extent that plaintiff disputes how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On August 5, 2024, plaintiff filed this case. Docket No. 1. The complaint brings claims for malicious prosecution, violation of the Posse Comitatus Act ("PCA"), 18 U.S.C. § 1385, illegal search and seizure, violation of procedural due process, violation of the right to a speedy trial and proper venue, and cruel and unusual punishment. *Id.* at 6-9. Plaintiff sues defendants in their individual and official capacities. Docket No. 20 at 2. Plaintiff's claims arise out of the investigation and prosecution of criminal charges that were brought against her. *See* Docket No. 1 at 6-9. On September 2, 2025, defendants filed a motion to dismiss. Docket No. 53. On May 29, 2026, plaintiff filed a motion for return of property under Federal Rule of Criminal Procedure 41(g). Docket No. 94. On June 30, 2026, Magistrate Judge Martiza Dominguez Braswell issued a recommendation to grant the motion to dismiss, deny the motion for return of property, dismiss plaintiff's official capacity claims without prejudice, dismiss plaintiff's individual capacity claims with prejudice, and close the case. Docket No. 97. On July 28, 2026, after the Court granted a motion for an extension of time, Docket No. 100, plaintiff timely objected to the June 30, 2026 recommendation. Docket No. 102. On September 1, 2026, defendants filed a response. Docket No. 109. On September 8, 2026, plaintiff filed what she titled a motion for leave to file a surreply. Docket No. 110.

## II. LEGAL STANDARD[1]

### A. Objections to the Magistrate Judge Recommendation

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding *pro se*, the Court will construe her objections and pleadings liberally without serving as her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] The magistrate judge recommends the dismissal of some of plaintiff's claims under Rule 12(b)(1) for lack of subject matter jurisdiction. *See* Docket No. 97 at 21 n.14. Plaintiff does not object to this part of the recommendation, so the Court does not set out the standard for Rule 12(b)(1).

**B. Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). A court, however, does not need to accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still

must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III. ANALYSIS

### A. Objections to Rule 41(g) Findings

The recommendation notes that, "[u]nder Rule 41(g), a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. Where criminal proceedings against the movant have already been completed, a district court should treat a Rule 41(g) motion as a civil complaint." Docket No. 97 at 19 (internal quotations, citation, and alterations omitted). The recommendation finds that "Plaintiff files the Rule 41(g) Motion after criminal proceedings have been completed, and the Court must treat it as a civil complaint." *Id.* (citing *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996)). Thus, the recommendation concludes that, "given the procedural posture of this case, and the fact that the operative Complaint does not seek Rule 41(g) relief or the return of any property . . . , the Rule 41(g) Motion is, in a sense, a motion to *amend* the Complaint." *Id.* (footnote omitted). Construing the Rule 41(g) motion as a motion to amend, the recommendation finds that the motion should be denied, *id.* at 20, but states that "Plaintiff remains free to pursue the relief she seeks by filing a separate civil action under Rule 41(g) against the United States." *Id.* n.13.

Plaintiff objects to construing her Rule 41(g) motion as a motion to amend, arguing that the motion should be "treated as a civil complaint." Docket No. 102 at 3. The recommendation, however, did treat the Rule 41(g) motion as a civil complaint. *See* Docket No. 97 at 19. The problem for plaintiff is that "there can only be one

operative complaint in an action." *Gallagher v. Nat'l Sec. Agency*, No. 18-cv-01525-GPG, 2018 WL 10854582, at *1 (D. Colo. July 12, 2018). Thus, the recommendation construes the Rule 41(g) motion, treated as a civil complaint, as a motion to amend the existing complaint in the action. Docket No. 97 at 19. Plaintiff seems to argue that she can permissibly have two operative complaints in the same civil action, but provides no argument as to why this is permissible. Docket No. 102 at 3-5. The Court finds that this is impermissible, and that the recommendation was correct in treating the Rule 41(g) motion as a motion to amend. *See Gallagher*, 2018 WL 10854582, at *1. Petitioner asserts that any denial of the Rule 41(g) motion should be without prejudice, but the recommendation already states that plaintiff may file the motion as a separate civil action under Rule 41(g). Docket No. 97 at 20 n.13.

Plaintiff also seems to argue that her Rule 41(g) motion is meritorious. *See* Docket No. 102 at 6-9. The Court construes this as an objection to the recommendation to deny the Rule 41(g) motion. But plaintiff does not address the recommendation's finding that amendment is improper because "a Rule 41(g) claim is typically brought against the United States, . . . but the United States itself is not a Defendant in this action." Docket No. 97 at 20 (citations omitted). Thus, The Court finds that plaintiff does not overcome the recommendation's finding that amendment, through the Rule 41(g) motion, would be improper. Therefore, the Court will overrule plaintiff's objections regarding the Rule 41(g) motion.

### B. <u>Prospective Injunctive Relief</u>

The recommendation finds that the majority of plaintiff's official capacity claims for injunctive relief seek retrospective relief, which is impermissible. *Id.* at 9-10. However, the recommendation notes that one of plaintiff's requests for injunctive relief

seeks that "her [name] and her company's 'name . . . be cleared and restored' in certain unspecified databases." *Id.* at 10 (quoting Docket No. 1 at 10). The recommendation finds that "this request appears to concern prospective harm," but that it "lacks specificity." *Id.* The recommendation finds that plaintiff fails to "provide sufficient information to suggest that her entitlement to the requested relief is plausible," *id.*, and therefore recommends dismissing this request for injunctive relief without prejudice. *Id.* at 21 n.14.

Plaintiff objects to this finding on the basis that the lack of specificity is "curable" and that plaintiff should therefore be given "leave to amend." Docket No. 102 at 8. As an initial matter, the recommendation finds that the deficiency is curable through recommending dismissal without prejudice.[2] Docket No. 97 at 21 n.14. However, it is improper for plaintiff to request leave to amend in her objection to the recommendation. Pursuant to the Local Rules, a "motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." D.C.COLO.LCivR 7.1(d). The Tenth Circuit "ha[s] held that normally a court need not grant leave to amend when a party fails to file a formal motion."[3] *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999); *see also Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020) ("[C]ases are not to be litigated piecemeal. The court should not have to address repeated 'improvements' to the complaint."); *Johnson v. Spencer*, 950 F.3d 680, 721

[2] Plaintiff seems to misconstrue this finding, arguing that "dismissal with prejudice" is inappropriate. Docket No. 102 at 9.

[3] While the Court acknowledges that plaintiff's Rule 41(g) motion was construed as a motion to amend, that motion does not indicate that it was filed to cure any deficiencies in her claim for prospective injunctive relief. *See generally* Docket No. 94.

(10th Cir. 2020) ("A district court may deny leave to amend when a plaintiff fails to file a written motion and instead merely suggest[s] she should be allowed to amend if the court conclude[s] her pleadings [a]re infirm.") (quotations and citation omitted).

Plaintiff also objects on the basis that more specific information regarding her request for prospective injunctive relief is "already of record," including in plaintiff's Rule 41(g) motion. Docket No. 102 at 8-9. "However, on a motion to dismiss the Court considers only the allegations contained in the Complaint and documents attached to or referenced in the Complaint." *Running Foxes Petroleum, Inc. v. Nighthawk Prod. LLC*, No. 14-cv-01466-MSK-MJW, 2015 WL 13614116, at *3 (D. Colo. Mar. 13, 2015); *see also Schwarman v. Lopez*, 2013 WL 12330117, at *3 n.3 (D.N.M. May 22, 2013) ("In reviewing a motion to dismiss, the Court is 'limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint' and may not consider allegations asserted in briefing or otherwise outside the complaint.") (quoting *Archuleta v. Wagner*, 523 F.3d 1278, 1281 (10th Cir. 2008)). Plaintiff points to no allegations in the complaint or documents referenced in the complaint that add supporting facts to her claim for prospective injunctive relief. Therefore, the Court will overrule the objection.

**C. *Bivens* Claims**

The recommendation finds that plaintiff brings her claims under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Docket No. 97 at 11. The recommendation discusses *Bivens* claims as follows:

> In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the U.S. Supreme Court established "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). The Supreme Court has recognized a *Bivens* remedy in only three cases: (1) *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (a Fourth Amendment unreasonable search and seizure claim); (2) *Davis v.*

> *Passman*, 442 U.S. 228 (1979) (a Fifth Amendment equal protection claim concerning gender discrimination); and (3) *Carlson v. Green*, 446 U.S. 14 (1980) (an Eighth Amendment failure to provide adequate medical treatment claim). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017).
>
> Today, "*Bivens* is . . . all but dead." *Rowland v. Matevousian*, 121 F.4th 1237, 1243 (10th Cir. 2024); *see Logsdon v. United States Marshal Serv.*, 91 F.4th 1352, 1355 (10th Cir. 2024) (calling *Bivens* "a relic of the 20th century"). In the decades since *Bivens* was decided, the Court has "progressively chipped away at the decision—to the point that very little of its original force remains." *Silva v. United States*, 45 F.4th 1134, 1139 (10th Cir. 2022); *see also Egbert v. Boule*, 596 U.S. 482, 491-93 (2022) (listing cases where the Court has declined to extend *Bivens*). While not "dispens[ing] with *Bivens* altogether," the Supreme Court has made clear that recognizing a cause of action under *Bivens* is a "disfavored judicial activity." *Egbert*, 596 U.S. at 491. Similarly, the Tenth Circuit has said, "expanding *Bivens* is . . . an action that is impermissible in virtually all circumstances." *Silva*, 45 F.4th at 1140; *see id.* at 1136 (saying "lower courts expand *Bivens* claims at their own peril").
>
> The analysis of whether a *Bivens* remedy exists involves a two-part inquiry where "a court asks first whether the case presents a new *Bivens* context—i.e., is it meaningfully different from the three cases in which the Court has implied a damages action." *Egbert*, 596 U.S. at 483. That inquiry is strict, and "[t]he [Supreme] Court has said in effect that almost any difference between the case at hand and the three Court precedents can justify rejecting a cause of action." *Logsdon*, 91 F.4th at 1355.
>
> Second, if the case does arise in a new context, the Court considers whether there are "special factors" indicating the judiciary is at least arguably less equipped than Congress "to weigh the costs and benefits of allowing a damages action to proceed." *Egbert*, 596 U.S. at 492 (quotation omitted). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* (quoting *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020)).

*Id.* at 11-13. Plaintiff does not object to the recommendation's general description of a *Bivens* claim. Instead, plaintiff raises objections to the manner in which the recommendation analyzes her specific *Bivens* claims. Docket No. 102 at 15-18.

### *1. Claim Three*

Plaintiff first objects to the recommendation's analysis of her third claim—unlawful search and seizure in violation of the Fourth Amendment. Docket No. 102 at 15-17. The recommendation notes that "Claim 3 comes closest to a recognized *Bivens* context: like *Bivens* itself, it involves an allegedly unlawful seizure." Docket No. 97 at 14. However, the recommendation finds that plaintiff's third claim nevertheless presents a new *Bivens* context because it presents "a new category of defendants" who were "undertaking a different legal duty." *Id.* Specifically, the recommendation notes that, in *Bivens*, the defendants were agents of the Federal Bureau of Narcotics, which presents a different context than the defendants here, who are federal prosecutors and Department of Defense investigators and agents who were investigating potential violations of law connected to military contracts. *Id.* The recommendation finds that there is no basis for expanding *Bivens* into a new context because Congress has already provided an alternative remedial structure, noting that "both the Department of Justice and Department of Defense have grievance-reporting procedures allowing individuals to report alleged misconduct to the relevant agency." *Id.* at 16. The recommendation also finds that it is inappropriate to expand *Bivens* in this case because the underlying criminal prosecution involved a matter of national security. *Id.* at 17.

Plaintiff objects on the basis that her third claim for relief and *Bivens* both state Fourth Amendment violations. Docket No. 102 at 15. Moreover, plaintiff argues that a *Bivens* case does not present a new context just because the defendants work for different federal agencies undertaking different duties. *Id.* at 16. Plaintiff provides no caselaw in support of this assertion. *See id.* As to plaintiff's first argument, "[a] claim

may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Nally v. Graham*, 551 F. Supp. 3d 1062, 1071 (D. Kan. 2021) (citation omitted). Therefore, plaintiff has not stated a *Bivens* claim just because she alleges a violation of her Fourth Amendment rights. As to plaintiff's second argument, she fails to provide any caselaw in support of her assertion and fails to contend with the recommendation's citation of binding caselaw that different defendants create a new *Bivens* context. *See* Docket No. 97 at 14. In *Logsdon*, 91 F.4th at 1358, the Tenth Circuit held that the case involved a new *Bivens* context because it "involved the U.S. Marshals Service, while *Bivens* concerned the actions of agents of the Federal Bureau of Narcotics." Here, the Court finds that plaintiff's case presents a new context because the defendants are federal prosecutors and Department of Defense investigators, not agents of the Federal Bureau of Narcotics. *See Egbert*, 596 U.S. at 492 (noting that a case creates a new *Bivens* context when it "involves a new category of defendants.") (internal quotations and citation omitted). Moreover, as the recommendation notes, Docket No. 97 at 14, plaintiff's case presents a new context because the defendants were operating under a different mandate than the Federal Bureau of Narcotics agents in *Bivens*. *See Ziglar*, 582 U.S. at 139-40 ("A case might differ in a meaningful way because of . . . the statutory or other legal mandate under which the officer was operating.").

Plaintiff also objects to the recommendation's finding that a new *Bivens* context should not be created because there is an alternative remedial scheme. Docket No. 102 at 16. Specifically, plaintiff argues that the Department of Justice and Department of Defense's grievance-reporting procedures are insufficient because they "afford no

damages remedy to the injured party." *Id.* However, "it does not matter that 'existing remedies do not provide complete relief' and instead, 'the question whether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts.'" *Hill v. Wade*, No. 20-cv-03658-CNS-MDB, 2023 WL 9375475, at *5 (D. Colo. Dec. 27, 2023), *report and recommendation adopted*, 2024 WL 249099 (D. Colo. Jan. 23, 2024) (quoting *Egbert*, 596 U.S. at 493, 498) (alterations omitted). Therefore, the availability of the alternative remedial schemes foreclose plaintiff's *Bivens* claims regardless of whether plaintiff could recover any damages through such schemes.[4] Therefore, the Court will overrule plaintiff's objection.

***2. Claims One, Four, Five, and Six***

Plaintiff objects to the recommendation's *Bivens* analysis of her first, fourth, fifth, and sixth claims under the same heading. Docket No. 102 at 17. However, for claims one, four, and five, petitioner does not sufficiently state the basis of her objection, merely asserting that she "objects to the new-context determination" and that she "objects to preserve the determination for review." *Id.* But to be entitled to de novo review, an objection must be specific. *One Parcel*, 73 F.3d at 1059. "To be sufficiently specific, the Objections must identify the particular finding by the Magistrate Judge that the Petitioner opposes and set forth some meaningful argument that explains why the Petitioner believes that finding is in error." *Vann v. Broaddus*, No. 06-cv-01774-MSK-

[4] Plaintiff also objects to the assertion that defendants were involved in a matter of national security, Docket No. 102 at 16, but the Court need not address that argument because the existence of alternative remedial schemes is sufficient to foreclose creating a new *Bivens* context. *See Rowland*, 121 F.4th at 1244 ("The existence of alternative remedial structures . . . is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action.") (internal quotations and citation omitted).

KLM, 2009 WL 1537955, at *2 (D. Colo. May 31, 2009) (citations omitted). Thus, the Court finds that plaintiff stating that she objects to the new-context determination, without explaining why, is insufficient to state a specific objection. Upon review, the Court finds that the magistrate judge's determination that plaintiff's first, fourth, and fifth claims for relief do not present a new *Bivens* context is correct, Docket No. 97 at 13, 15, considering that the basis of these claims differs from the basis of the claims brought in the three recognized *Bivens* contexts.

As to her sixth claim, petitioner argues that her Eighth Amendment cruel and unusual claim should be construed as a Fifth Amendment due process claim. Docket No. 102 at 17. Plaintiff provides little explanation for why it would be appropriate to do so. *See id.* More importantly, the recommendation finds that plaintiff's sixth claim does not present a recognized *Bivens* context because the facts are not analogous to existing *Bivens* claims, not because the claim is labeled as an Eighth Amendment violation. Docket No. 97 at 16. Therefore, the Court will overrule plaintiff's objections.

**D. <u>Closing the Case</u>**

Plaintiff objects on the basis that it is improper to dismiss some of her claims without prejudice, yet still close the case. Docket No. 102 at 10. Plaintiff asserts that closing the case leaves her "without recourse," despite the fact the recommendation found that some of her claims could be cured. *Id.* However, "dismissal without prejudice means that Plaintiff may, if appropriate, file a new case." *Adair v. El Pueblo Boys' & Girls' Ranch, Inc. Long Term Disability Plan*, No. 06-cv-01343-WYD-CBS, 2010 WL 4392554, at *1 (D. Colo. Oct. 29, 2010); *see also Crowe v. Servin*, 723 F. App'x 595, 598 (10th Cir. 2018) (unpublished) ("A dismissal without prejudice just means that the plaintiff isn't barred from refiling the lawsuit within the applicable limitations period.")

(citation, internal quotations, and emphasis omitted). Thus, it is not improper to dismiss some of plaintiff's claims without prejudice but still close the case. Nor does it leave plaintiff without recourse, as plaintiff may, if appropriate, file a new case. Therefore, the Court will overrule this objection.

### E. Dismissal With Prejudice

Plaintiff objects on the basis that the individual capacity claims should not be dismissed with prejudice. Docket No. 102 at 10-11. Plaintiff argues that the recommendation made no finding that amendment would be futile and therefore erred in dismissing the claims with prejudice. *Id.* at 11. This is incorrect, as the recommendation found that amendment would be futile. Docket No. 97 at 21 n.15. In doing so, the recommendation cited cases where *Bivens* claims that did not fall within an existing context or present a new context were dismissed with prejudice. *Id.* The Court finds that it is appropriate to dismiss plaintiff's individual capacity claims with prejudice because amendment would not state a *Bivens* claim under the set of facts alleged. Plaintiff does not assert that there are any facts she could add to an amended complaint to sufficiently state a *Bivens* cause of action.

Plaintiff appears to argue that dismissal with prejudice is inappropriate because she could potentially bring her constitutional claims on other grounds, rather than under *Bivens*. Docket No. 102 at 19. However, that matter was not before the magistrate judge, who recommended dismissal of the *Bivens* claims at issue in this case with prejudice. Therefore, the Court will overrule this objection.

### F. Lawful Scope

Plaintiff objects on the basis that "[n]o tribunal has determined that Defendants acted within a lawful scope." *Id.* at 13. It is not entirely clear what plaintiff means by this

assertion, but she appears to argue that the Court should analyze whether defendants acted unlawfully despite finding that plaintiff did not state a cause of action, noting that "dismissing that label does not dispose of the facts pleaded under it." *Id.* at 14. The Court finds that this argument is vague and undeveloped. Courts "do not consider unsupported and undeveloped issues." *Norton v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 862 F.3d 1236, 1250 n.5 (10th Cir. 2017) (citation omitted). Thus, the Court will overrule this objection.

**G. <u>Objections to Other Orders</u>**

Plaintiff appears to object to previous orders staying discovery, Docket No. 102 at 9, and refusing to reconsider a ruling on an "Immunities Motion," which the magistrate judge construed as a supplemental response to the motion to dismiss. *Id.* at 9, 11-13; *see also* Docket Nos. 75, 85. However the order on the motion to stay was issued on December 10, 2025, Docket No. 75, and the order on what the magistrate judge construed as a motion for reconsideration was issued on March 6, 2026. Docket No. 85. "Objections are timely if filed by a party within 14 days after being served a copy of the magistrate judge's order." *Savajian v. Milyard*, No. 09-cv-00354-CMA-BNB, 2010 WL 728219, at *5 (D. Colo. Feb. 25, 2010) (citation omitted); 28 U.S.C. § 636(b)(1)(C). Therefore, plaintiff's July 28, 2026 objections to these orders are untimely. Plaintiff appears to argue that she should be able to file an untimely objection because the recommendation relied on the prior orders. Docket No. 102 at 12. However, the recommendation contains no discussion of the prior orders and plaintiff does not explain why an untimely objection would be permitted even if the recommendation did rely on the prior orders. Therefore, the Court will overrule this objection.

**H. Surreply**

Finally, plaintiff filed what she calls a motion to file a surreply. Docket No. 110. No reply was filed in this case. The Court construes the motion as a motion for leave to file a reply. Notably, while Rule 72(b) contemplates filing a response to an objection, it does not contemplate filing a reply. *See* Fed. R. Civ. P 72(b). Plaintiff argues that she should be entitled to file a reply due to defendants citing various cases and arguing that plaintiff's objections regarding previous orders are untimely. Docket No. 110 at 1. However, defendant's citations and timeliness argument are in direct response to arguments plaintiff raised in her objection. *See generally* Docket No. 109. A district court has discretion to permit a surreply if the reply raises new material, including new legal arguments or factual evidence. *Collins v. BAC Home Loans Servicing LP*, 912 F. Supp. 2d 997, 1008 (D. Colo. 2012) (citing *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005)). "Merely responding to arguments and pointing out defects in those arguments in a reply does not constitute new material." *Long v. Blue Shield of Calif.*, No. 24-cv-03352-PAB-CYC, 2025 WL 1397581, at *3 (D. Colo. May 14, 2025), *report and recommendation adopted*, 2025 WL 2093287 (D. Colo. May 30, 2025). Thus, because defendants are merely responding to arguments and pointing out defects in those arguments, the Court will not permit plaintiff to file a reply.[5]

**I. Non-objected to Portions of the Recommendation**

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory

---

[5] Nevertheless, the Court has reviewed the proposed reply, Docket No. 110-1, and finds that it would not change the Court's ruling on the recommendation.

Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 97] is **ACCEPTED**. It is further

**ORDERED** that the Motion to Dismiss [Docket No. 53] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims are **DISMISSED without prejudice** to the extent they are brought against defendants in their official capacities. It is further

**ORDERED** that plaintiff's claims are **DISMISSED with prejudice** to the extent they are brought against defendants in their individual capacities. It is further

**ORDERED** that Plaintiff's Motion for Return of Property Using Other Tools: Civil Equitable Action 41(g) and 5 U.S.C. § 702 [Docket No. 94] is **DENIED without prejudice**. It is further

**ORDERED** that this case is closed.

DATED September 29, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge